# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8968 | **DATE** | 7/22/2002 |
| **CASE TITLE** | USA vs. Norden Enterprises, LLC., etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: As-Ra's motion to dismiss (19-1) the complaint and the cross-claims is denied. Henderson and Travelers are granted 30 days from the entry of this order to serve As-Ra with their cross-claim.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 22 2002 date docketed | 27 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/22/2002 | |
| GL | courtroom deputy's initials | | date mailed notice GL mailing deputy initials | |

Date/time received in central Clerk's Office

# UNITED STATES DISTRICT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Department of Navy, Wholesale<br>Revitalization for the use and benefit of<br>TORRES DRYWALL SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NORDEN ENTERPRISES, LLC;<br>AS-RA TECHNOLOGIES, INC.;<br>JOSEPH J. HENDERSON & SON, INC.;<br>TRAVELERS CASUALTY AND SURETY<br>COMPANY OF AMERICA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 01 C 8968 |

DOCKETED

JUL 2 2 2002

## MEMORANDUM OPINION AND ORDER

Defendant As-Ra Technologies, Inc. ("As-Ra") has moved to dismiss the complaint of Plaintiff Torres Drywall Services, Inc. ("Torres") and the cross-claim of Defendants Joseph J. Henderson & Son, Inc. ("Henderson") and Travelers Casualty and Surety Company of America ("Travelers") pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure of service of process. As-Ra asserts that Torres did not effect service of the complaint within the 120-day window provided by Federal Rule of Civil Procedure 4(m) and that Henderson and Travelers did not effect service of the cross-claim as required by Rule 4(h)(1). For the reasons set forth below, the motion is denied.

## DISCUSSION

### I. As-Ra's Motion to Dismiss the Complaint

Torres filed this action on November 20, 2001. On March 28, 2002, this court noted that Torres had not effected service on all defendants and ordered that any defendants not

1

served by April 30, 2002 would be dismissed from the action. Torres served As-Ra with the complaint on April 9, 2002. The parties do not dispute these facts.

As-Ra asserts that we must dismiss this action because Torres neither moved to extend the time for service nor showed good cause for why service had not been effected within the prescribed period. As-Ra misunderstands the relevant rule. Under Rule 4(m), when a district court notices that a party has not been served within 120 days of the filing of the original complaint, "the court, upon motion *or on its own initiative* . . . , shall dismiss the action as to that defendant *or direct that service be effected within a specified time.* . . ." Fed.R.Civ.P. 4(m) (emphasis added). The plain language of the rule indicates that we had the discretion to either dismiss the claim or to extend the time for service either upon motion or on our own initiative.[1] We elected to extend the time for service on our own initiative. Because Torres effected service by the end of the period which we specified (and no other defects in service are alleged), the service on As-Ra was proper. Accordingly, the motion to dismiss Torres's complaint is denied.

II. As-Ra's Motion to Dismiss the Cross-Claim

On December 26, 2002, Henderson and Travelers (collectively, "Cross-Claimants") filed a cross-claim against As-Ra. According to their motions and affidavits in opposition to As-Ra's motion to dismiss, Cross-Claimants attempted service several times before managing to serve Gregory Rossi ("Rossi") on April 22, 2002. *See* Mem. in Opp'n (June 21, 2002), Ex. A. Cross-Claimants had reason to believe that Rossi was an officer of As-Ra because records

---

[1] Although the rule does limit our discretion by requiring that the period for service be extended if the plaintiff shows good cause for its failure to serve the defendant, the Seventh Circuit has held that this language does not serve to limit our discretion to do so even when there is no showing of good cause. *Panares v. Liquid Carbonic Inds. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

2

on file with the Illinois Secretary of State listed him as the secretary of the corporation. *See* Mem. in Opp'n, ¶ 4.

Service on a corporation is valid when it complies with Rule 4(h), which states that service shall be effected:

> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process . . . .

Fed.R.Civ.P. 4(h). Additionally, Rule 4(e)(1) allows service to be effected "pursuant to the law of the state in which the district court is located . . . ." Fed.R.Civ.P. 4(e)(1). Under Illinois law, service may be had on a private corporation "by leaving a copy of the process with its registered agent or any officer or agent found anywhere in the State." 735 Ill. Comp. Stat. 5/2-204. Under either the federal or state provisions, then, service on the secretary of a corporation is valid.

As-Ra, however, has offered proof in the form of an affidavit and a copy of an annual report filed with the Illinois Secretary of State that appears to show that Rossi was not an officer or registered agent of the corporation at the time of service, and therefore was not a party who could accept service for As-Ra. *See* As-Ra Reply to Mem. in Opp'n, Ex. 1-2; As-Ra Combined Mot. to Dismiss, Aff. of Gregory C. Rossi. Cross-Claimants counter that, even if Rossi was not actually an officer of the corporation, they were entitled to rely on the records of the Secretary of State to determine who was a proper party to receive service of process. However, the district courts in this circuit have read Rule 4(h)(1) differently, requiring that an agent have actual authority to receive service of process for that service to be valid. *See Hunter Douglas Metals v. Aluminio Conesa, S.A. de C.V.*, No. 96 C 6853, 1997 U.S. Dist. LEXIS 7344, at *25-28 (N.D. Ill. May 15, 1997); *Select Creations, Inc. v. Paliafito America, Inc.*, 840 F. Supp. 1223, 1234 (E.D. Wisc. 1993). Moreover, Illinois courts

3

interpreting 735 Ill. Comp. Stat. 5/2-204 have concurred, requiring that "for service to effectively made upon an agent of the defendant, the agent must have actual authority to accept process . . . ." *Newey v. Newey*, 576 N.E.2d 137, 144 (Ill. App. Ct. 1991) (citing *States v. Int'l House of Pancakes, Inc.*, 413 N.E. 2d 457 (Ill. App. Ct. 1980)). Therefore, because Rossi was not an actual officer or agent of As-Ra at the time of service, Cross-Claimants did not effect service when they delivered the complaint and summons to him.

The vigilance displayed by Cross-Claimants in attempting to serve As-Ra, however, coupled with evidence of As-Ra's efforts to evade service and conceal the defect until after the 120-day period for service had run, *see* Mem. in Opp'n, Ex. A, give us sufficient reason to use the discretion conferred by Rule 4(m) to extend the time for service. *See* Fed.R.Civ.P. 4, Advisory Committee's Notes ("relief [in the form of extension of the time for service] may be justified, for example . . . if the defendant is evading service or conceals a defect in service"). *See also Panares*, 94 F. 3d at 341. Therefore, we grant Cross-Claimants 30 days from the entry of this order to serve As-Ra with the cross-claim.

## CONCLUSION

For the foregoing reasons, As-Ra's motion to dismiss the complaint and the cross-claim is denied. Henderson and Travelers are granted 30 days from the entry of this order to serve As-Ra with their cross-claim.

It is so ordered.

_____
MARVIN E. ASPEN
United States District Judge

Date 7/22/02

4